IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Carrie M. Hughes, | ) | No.  19-28286 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

**CORONA INVESTMENTS, LLC'S OBJECTION TO CONFIRMATION OF CHAPER 13 PLAN FILED ON OCTOBER 4, 2019 (DOCKET 2)**

NOW COMES, Corona Investments, LLC, by their attorney, Paul M. Bach of Bach Law Offices, Inc. and Objects to Confirmation of the Chapter 13 Plan filed on October 4, 2019 as to 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000 ("the property") and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on October 4, 2019.

2. The Debtor listed on Schedule A of her Bankruptcy Schedules an equitable interest in the real estate commonly known 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000.  The Debtor's Schedules indicate that the Debtor has an interest in the property although what that Interest is in not disclosed.

3. However, a review of the records of the Cook County Recorder indicates that the ownership interest ownership interest is not evident.  The last Deed recorded according to the Cook County Recorder of Deeds for 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000 was a Deed to Martha Hill which appears to have nothing to do with

the Debtor. Corona Investments, LLC asserts as a result, that the Debtor has no interest in the real estate and as such the Court should deny Confirmation of the Chapter 13 Plan.

### The Tax Sale

4. The real property in question is located at 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000 (the "property").

5. Prior to the Debtor's bankruptcy filing, the owner of the property failed to pay the property taxes owing to Cook County for the Property for the 2015 tax year. (the "2015 Taxes").

6. On April 4, 2017, Corona Investments, LLC purchased the delinquent 2015 Taxes at the Cook County Collector's annual tax sale (the "Tax Sale") and received a Certificate of Purchase (the "Certificate") to memorialize the Tax Sale.

7. Upon purchasing the 2015 Taxes, Corona Investments, LLC would have obtained a tax lien secured by the Property if proper notice was provided by the Debtor. See 735 ILCS 200/21-75; *In re Lamont*, 740 F.3d 397, 404 (7th Cir. 2014) (noting that purchasers of delinquent taxes hold tax liens under Illinois law).

8. Prior to this bankruptcy filing, the Debtor also failed to pay the first and second installments of property taxes for tax years 2016, 2017 and 2018 (collectively, the "Subsequent Taxes"). Corona Investments, LLC paid the Subsequent Taxes in accordance with the Property Tax Code.

9. Pursuant to 35 ILCS 200/21-350, the Debtor or any other person with an interest in the Property was entitled to redeem the 2015 tax sale by paying the tax sale amount plus interest, all Subsequent Taxes paid by Corona Investments, LLC plus interest and various

costs and fees at any time (the "Tax Claim") until expiration of the Redemption Period. The Redemption Period expired on October 7, 2019.

10. Pursuant to 35 ILCS 200/22-30, Corona Investments, Inc. filed a Petition for tax deed in the Circuit Court of Cook County. Thereafter, and pursuant to 35 ILCS 200/22-15, Corona Investments, LLC timely provided notice of the expiration date of the Redemption Period to the Debtor and all persons with an interest in the Property.

11. Neither the Debtor nor any other party timely exercised its respective right to redeem the 2015 Taxes.

### The Debtor does have any interest in 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000

12. The Debtor does not have any ownership interest in 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000 and as such cannot confirm a Chapter 13 Plan which contains 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000.

13. As stated above, a review of records of the Recorder of Deeds of Cook County shows no document filed relating to the Debtor's alleged interest in this property at any time.

14. Based on the above facts, the Debtor has no interest in the property and Confirmation is denied.

### The Debtor has not paid Post Petition Real Estate Taxes for 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000

15. The First Installment of 2019 will be due on March 3, 2019 in the amount of $907.96

### The Bankruptcy Case and the Chapter 13 Plan

16. As stated above, on October 4, 2019, the Debtor filed the above-captioned chapter 13 case (the "Case").

17. On October 4, 2019, the Debtor filed a Chapter 13 Plan (which is not yet confirmed) which does not adequately provide for Corona Investments, LLC and is not confirmable as a matter of law.

18. The Plan does provide for the Cook County Clerk in the amount of $11,936.00 at 18% with a set payment of $320.24.  The secured claim listed in the Chapter 13 Plan should list Corona Investments, LLC and should be corrected to $13,136.00.  The interest rate is sufficient.

19. The future real estate taxes and insurance are provided on Schedule J to pay the 2019 taxes due in 2020 and future years.  However, the Debtor only budgets $100.00 per month.  This is less than half the amount to pay the real estate taxes.  Also, the Debtor has a history of poor budgeting (has not paid real estate taxes in four years before the first installment of 2018) causing the real estate taxes not to be paid.  As a result, the future real estate funds should be segregated from the Debtor and an Order Conditioning the Automatic Stay entered by the Court requiring the payment of future real estate taxes and Chapter 13 Trustee payments.

20. The feasibility of the Chapter 13 is questionable based on the source of some of the Debtor's income.  The Debtor's only has Social Security in the amount of $700.00, Link Card in the amount of $335.00, Contribution from brother and Clara Davis.  Corona Investments, LLC objects to the feasibility of the Chapter 13 Plan dated October 4, 2019 based on the speculative nature of the contribution from the brother and Clara Davis.

21. Under the reasoning set forth above, the Court must deny confirmation of the Chapter 13 Plan filed on October 4, 2019.

22. That the Debtor's plan, as filed on October 4, 2019, improperly attempts to modify the

rights of Corona Investments, LLC.  Corona Investments, LLC objects to the Debtor's Chapter 13 Plan filed October 4, 2019 for the reasons stated above and as follows:

a. The secured claim in Section 3.2 of the Chapter 13 Plan dated October 4, 2019 of Corona Investments, LLC should be $13,136.00;

b. The Plan is also not confirmable based the failure to have sufficient amount in 2020 to pay post petition taxes and to specifically require the Debtor to pay post petition Real Estate Taxes when these become due in later years;

c. The Payment of future Real Estate Taxes is not provided for in the Plan and the amount to pay this amount should be deposited into an account controlled by a Third Party such as Corona Investments, LLC. to assure that funds for Real Estate Taxes are actually paid on a monthly basis;

d. A default order should be required to make sure the Debtor makes payments monthly to an taxes escrow and to the Chapter 13 Trustee; and

e. Other items referred to above.

WHEREFORE, Corona Investments, LLC, asks this Honorable Court to enter an order denying confirmation of the Debtor's Chapter 13 Plan filed October 4, 2019 and further relief as is just and equitable.

                                                     Respectfully Submitted,

                                                     Corona Investments, LLC
                                                     BY:/s/Paul M. Bach

Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808

5