IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Carrie M. Hughes, | ) | No. 19-28286 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |

## AGREED ORDER PROVIDING FOR STAY RELIEF UPON DEFAULT

**THIS CAUSE** coming on to be heard on the Objection to Confirmation of the Creditor Corona Investments LLC (hereinafter, "Creditor"), the Creditor withdrawing its objection based on the entry of this order, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1. That beginning with the 1st Installment of Real Estate Taxes for 2019, due in 2020, for the real estate commonly known as 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000 ("the real estate taxes"), the debtor must commence making timely payment of real estate taxes for the real estate continuing throughout the pendency of the bankruptcy to the County of Cook;

2. For the 1st Installment of Real Estate Taxes for 2019, due in 2020, for the real estate commonly known as 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000 the payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before April 15, 2020.

3. Beginning with the 2nd Installment of Real Estate Taxes for 2019, due in 2020 and for all future real estate tax installments for the real estate commonly known as 1024 N. Monticello, Chicago, Illinois regarding 16-02-315-031-0000, that a payment to the County of Cook is considered "timely", if the full payment is received by the County of Cook on or before the date in which it is due;

1

4. That if the County of Cook website fails to show payment of an installment of real estate taxes within fifteen days of the "timely" due date as set by the County of Cook or this Order and if the debtor fails to bring the real estate taxes for the real estate current within fourteen (14) calendar days after Creditor mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

5. That beginning with the first plan payment due (30 days after filing) after the entry of this order, the debtor must commence making timely payment of Trustee payments in the amount called for the confirmed Chapter 13 Plan continuing throughout the pendency of the bankruptcy to Tom Vaughn, Chapter 13 Trustee;

6. That if Tom Vaughn, Chapter 13 Trustee fails to receive two "timely" post-petition monthly trustee payments and if the debtor fails to bring the trustee post-petition current within fourteen (14) calendar days after Creditor or its attorney mails notification to the Debtor and his attorney, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

7. In the event that Bach Law Offices, Inc. should have to send out any Notices of Default, the Debtor shall pay an extra $200.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice.

8. In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, the stay shall be automatically terminated and modified/annulled as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest;

DATED: _____
_____
Paul M. Bach
BACH LAW OFFICES
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808
Atty for Corlig Investments

ENTER: J.Cox    3/23/20
UNITED STATES BANKRUPTCY JUDGE
_____ Jacqueline P. Cox

Robert Benefield Jr.
Attorney for Debtor

2